UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CS STARS LLC,

    Plaintiff,

    v.

FIRST ALLMERICA FINANCIAL LIFE
INSURANCE COMPANY,

    Defendant.

No. 06 C 2841
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On October 13, 2006, I granted Defendant First Allmerica Life Insurance Company's ("First Allmerica" or "Defendant") motion to dismiss Plaintiff CS Stars LLC's ("CS Stars" or "Plaintiff") underlying suit for improper venue. I found that the parties "unquestionably agreed to arbitrate all disputes arising from their business relationship" and that "they further agreed that a dispute such as this one would be arbitrated outside of this district." [Docket #38]. On January 23, 2007, I granted Defendant's motion for sanctions, finding that Plaintiff's position in the underlying suit was "groundless." [Docket #41]. Thereafter, on March 15, 2007, I denied Plaintiff's motion to reconsider, pointing out that the sanctions were premised upon "Plaintiff's refusal to voluntarily dismiss the suit and institute arbitration after being apprised of the fallacy of its position." [Docket #49]. Two matters still remain: (1) Plaintiff's opposition to the amount of fees and costs Defendant seeks; and (2) Plaintiff's motion to disqualify the law firm of Sonnenschein Nath & Rosenthal LLP ("Sonnenschein"). In addition, one point of clarification is required: sanctions were not imposed upon Plaintiff CS Stars LLC, but rather upon its counsel, WilsonYoung PLC.

I.  **AMOUNT OF FEES**

In my January 23 Order, I awarded sanctions "in the amount of the attorneys' fees and costs First Allmerica incurred in filing its motion to dismiss and [the] motion for sanctions." Defendant is seeking a total of $40,396.05.

Plaintiff's counsel argues that Sonnenschein's fees are disproportionately high as compared to the complexity of the issues. Essentially, Plaintiff's counsel argues that if the underlying claims were so devoid of merit, then it should not have taken so long for Sonnenschein to research and prepare its position. I agree that the work charged here took more time than one would ordinarily expect in a routine commercial case such as this one. But I nevertheless decline to reduce the hours on this basis. When a legally unjustified complaint is filed by a respectable law firm, the opposing lawyers may well discover the flaw in the complaint at a fairly early stage. The problem arises because the natural reaction of lawyers defending the case is that they may have missed something. They ask why would a lawyer file this baseless claim; perhaps we are missing the point. Even after they confirm, in their own minds, the correctness of their original impression, they must consider whether the matter is sufficiently baseless so as to justify a motion under Rule 11.[1] The blunt fact is that, in circumstances like these, as opposed to the case of the hapless pro se filer, extra work is required when a deeply flawed complaint is filed. That is clearly what occurred here.

In terms of the actual amounts, Plaintiff's attorneys argue that "in reality, the legal services, costs and expenses provided to First Allmerica by its counsel relating to the work for

---

[1] I recognize that a few lawyers will file Rule 11 motions at the drop of nearly any hat, but Defendant's counsel here has not demonstrated that tendency.

which this Court granted a sanction total only $34,863.70." Plaintiff's counsel argues further that the balance of the sum sought by Defendant "pertains to [counsel's] communications with his client, or other activities unrelated to the motions . . . ." However, Plaintiff's attorneys ask that I award only a very nominal amount, if anything.

I have reviewed the parties' submissions and conclude that the appropriate award in this case is $37,407.05. This figure amounts to all of Sonnenschein's fees generated on and after July 22, 2006. I am excluding the $2,989 of fees generated before July 22 (4.9 hours at a rate of $610 per hour), because they relate to extensions of time and possible conflicts of interest.

## II. <u>PLAINTIFF'S MOTION TO DISQUALIFY DENIED AS MOOT</u>

Plaintiff moves to disqualify Defendant's attorneys, Sonnenschein, due to a conflict of interest. In addition to representing Defendant in this matter, Sonnenschein separately represents Plaintiff's parent company, Marsh and McLennan Companies, Inc. ("Marsh"), in regulatory matters in California. Plaintiff asserts that this is a conflict of interest, that Marsh refused and continues to refuse to waive the conflict, and that Sonnenschein should therefore be disqualified as counsel for Defendant.

Sonnenschein does not dispute the fact that it represents Marsh in some regulatory matters in California. Nor does it dispute the fact that Marsh is Plaintiff's parent company. Rather, Sonnenschein argues that Plaintiff waived its right to move for disqualification, and that, in any event, the motion should be denied on the merits.

In the end, it is not necessary to consider either the waiver argument or the motion on its merits. All of Plaintiff's claims have been dismissed, therefore I conclude that the motion to disqualify should be denied as moot. *See Brown v. Local 241 Amalgamated Transit Union*, 175

F.3d 1019, at *2 (7th Cir. 1999) (holding that the motion to disqualify attorneys was moot because the district court had properly dismissed the case); *accord Harker v. University Professionals of Illinois*, 172 F.3d 53, at *4 (7th Cir. 1999) (same); *Wexler v. City of Chicago*, 27 F.3d 570, at *6, n.7 (7th Cir. 1994) (same); *see also Lyddy v. Bridgeport Bd. of Educ.*, 06 C 1420, 2007 WL 2697452, at *8 (D.Conn. September 11, 2007) (denying motion to disqualify as moot "in light of the fact that the claims against [the defendant] are dismissed"); *Balthazar v. Atlantic City Medical Center*, 279 F.Supp.2d 574, 596 (D.N.J. 2003) (dismissing the parties' cross motions to disqualify their respective counsel as moot because the case was concluded); *Bradley v. Val-Mejias*, 238 F.Supp.2d 1242, 1255 (D.Kan. 2002) (denying the plaintiff's motion to disqualify defense counsel because all of the plaintiff's claims were dismissed); *Howell v. Standard Motor Products, Inc.*, No. 99 C 987-E, 2001 WL 912387, at *4 (N.D.Tex. August 10, 2001) (denying the plaintiff's motion to disqualify attorney due to conflict of interest because of concomitant grant of summary judgment); *Richards v. Lloyd's of London*, 94 C 1211, 1995 WL 465687, at 10 (S.D. Cal May 1, 1995) (denying motion to disqualify as moot because case was dismissed) (overturned on other grounds).

My conclusion that Plaintiff's motion to disqualify is moot is unaffected by the fact that a final determination as to the amount of sanctions comes in this Order. As I noted above: the sanctions are not awarded against Plaintiff, but against Plaintiff's counsel, Wilson Young PLC. Accordingly, the only controversy that remained—a controversy that is resolved by this Order—is between Defendant (and Defendant's counsel) and Wilson Young PLC. This renders any conflict that may have existed due to Sonnenschein's relationship with Plaintiff (or its parent company) as moot.

### III. Conclusion

For the aforementioned reasons, Rule 11 sanctions are imposed against Wilson Young PLC in the amount of $37,407.05. Plaintiff's motion to disqualify Sonnenschein is denied as moot.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: November 13, 2007